### ANN D. HALL *vs.* JOHN HALL.

A wife who has wilfully and utterly deserted her husband for a period of five years, without fault on his part during that time, cannot maintain a libel for divorce against him, on account of his subsequent adultery. But she may maintain her libel, if, before the expiration of the five years, he has taken another woman for his wife.

LIBEL for divorce. The case was reserved by the chief justice for the determination of the whole court, upon facts which are stated in the opinion.

*E. I. Browne*, for the libellant.

*N. St. J. Green*, for the libellee, cited 2 Kent Com. (6th ed.) 100; Bishop on Mar. & Div. §§ 278, 388–400, 768; *St.* 1838,

*c.* 126; *Nagel* v. *Nagel,* 12 Missouri, 53; *Foy* v. *Foy,* 13 Ired. L. 90; *Simmons' Divorce,* 12 Cl. & Fin. 339.

DEWEY, J.* The allegations of the libellant, charging various acts of adultery on the part of her husband, between the 18th of July 1858, and the 1st of March 1859, were fully proved. In answer to this, the husband denies the right of the libellant to maintain a libel for divorce, on the ground of her own violation of the duties of the conjugal relation. He recriminates, alleging that the libellant utterly and wilfully deserted him in the year 1843, and has ever since continued such desertion. The fact of her thus leaving him in 1843 is admitted. No evidence is produced on either side as to the cause or occasion of this desertion. The fact of her leaving him, declaring her intention no longer to live with him, being shown, her absence must be taken to be wilful, and being unexplained, it must be taken to have been unjustifiable; and if no subsequent facts had been shown to qualify or excuse the continuance of the desertion, she would after five years have forfeited her marital rights, and subjected herself to a libel for a divorce from the bonds of matrimony, on the part of the husband.

We are not ready to adopt the broad proposition of the libellant, that the wilful desertion of the husband by the wife, for any length of time, however extended, would present no sufficient ground for recrimination, and be no defence to a libel brought by the wife for the adultery of the husband. Such may be the doctrine of those courts where desertion, by the law of the land, is no legal ground of divorce from the bonds of matrimony. But where, as with us, a continued wilful desertion by the wife for the period of five years would, as respects a husband who had fully observed his conjugal duties, be a good cause for a divorce, and equally so with the crime of adultery, we perceive no sufficient reason why such desertion, continued for five years, might not be set up in defence of her libel against the husband, charging him with adultery.

Such a case, however, is not now presented by the facts in

* HOAR, J. did not sit in this case.

proof. The husband by his own misconduct is estopped from setting up a wilful desertion by his wife for the period of five years, against his consent. Within the period of fifteen months after his wife left his house, he was unlawfully married to another woman, with whom he cohabited as his wife, and thereby committed the double crime of bigamy and adultery. The libellant was by this act of the husband excused from the obligation to return to his house, and her period of wilful desertion, in the eye of the law, is limited to the period that had already elapsed. In the opinion of the court, such temporary desertion, for the period of fifteen months only, does not furnish a proper case for recrimination to a charge of adultery on the part of the husband. By his own immoral acts he suspended what would otherwise have been a continued wilful desertion by the wife. Her desertion at that time had not ripened into a legal cause for a divorce, and the case the husband presents against her is not one that shows a legal ground for recrimination in answer to the present libel by her. *Divorce decreed.*